IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BARBARA MASON,

    Plaintiff,

v.

KRAGEN AUTO PARTS,

    Defendant.

No. C 11-00464 JSW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT WITHOUT PREJUDICE**

Now before the Court is Defendant CSK Auto, Inc. d/b/a Kragen Auto Parts's motion to dismiss Plaintiff's second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court determines that the matter is appropriate for disposition without oral argument and is deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for September 30, 2011 is HEREBY VACATED. Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby grants Defendants' motion to dismiss.

**BACKGROUND**

Plaintiff Barbara Mason, appearing pro se, filed an amended complaint alleging that on July 19, 2006, Plaintiff purchased a 96-month core battery unit for $79.99 in cash from a Kragen Auto Parts store in Oakland, California. Plaintiff alleged that on February 3, 2010, she telephoned Kragen Auto Parts and spoke to the CEO, Greg Hensley, concerning her purchase history from Kragen Auto Parts, and was transferred to speak to a manager. In separate telephone calls, Plaintiff spoke to other Kragen Auto Parts employees and experienced racist

1 attitudes and remarks by Kragen Auto Parts employees who would not accept her receipt for the
2 damaged car battery. Plaintiff alleged that she requested a refund of the battery. She further
3 alleges that Defendant never offered her a refund or product replacement and that the failure of
4 the product breached the implied warranty of merchantability. Plaintiff, who is African
5 American, alleged a cause of action for race discrimination. (Doc. no. 13 at 8-9.)

6 The Court determined that Plaintiff seemed to be attempting to state a claim a claim for
7 discrimination under 42 U.S.C. § 1981, which prohibits racial discrimination through both state
8 and private action. *See Evans v. McKay,* 869 F.2d 1341, 1344 (9th Cir. 1989). The Court found
9 that Plaintiff failed to plead facts sufficient to state a claim under Section 1981, such as the
10 existence of a contractual relationship with Defendant or how Defendant intentionally
11 discriminated against her on the basis of race in such a way as to impair a contractual
12 relationship. Plaintiff filed a second amended complaint on June 27, 2011, three days after the
13 Court's deadline to file an amended complaint had expired.

## ANALYSIS

### I. LEGAL STANDARD

16 A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a
17 claim upon which relief can be granted. The complaint is construed in the light most favorable
18 to the non-moving party and all material allegations in the complaint are taken to be true.
19 *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The Court may consider the facts
20 alleged in the complaint, documents attached to the complaint, documents relied upon but not
21 attached to the complaint when the authenticity of those documents is not questioned, and other
22 matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*,
23 552 F.3d 981, 990 (9th Cir. 2009).

24 Rule 8(a) requires only "a short and plain statement of the claim showing that the
25 pleader is entitled to relief." Even under the liberal pleading standard of Rule 8(a), "a plaintiff's
26 obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
27 conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*
28 *Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007*)* (citing *Papasan v. Allain*, 478 U.S.

2

265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

## II. FAILURE TO STATE A CLAIM

Despite the Court's direction to plead additional facts to show the existence of a contractual relationship with Defendant and how Defendant intentionally discriminated against Plaintiff on the basis of race in such a way as to impair a contractual relationship, Plaintiff's SAC provides fewer facts than her first amended complaint. She omits the facts regarding her purchase of the core battery unit. From the SAC, the Court cannot determine what Plaintiff alleges Defendants did to her. Therefore, the Court GRANTS Defendants' motion to dismiss. However, because the Court cannot find that amendment would be futile, the Court will provide Plaintiff one more opportunity to amend her complaint. Plaintiff should take care to clearly describe her interaction with Defendant and what she alleges Defendant did to her. Moreover, to the extent Plaintiff seeks to state a claim under 42 U.S.C. § 1981, Plaintiff shall plead additional facts to show the existence of a contractual relationship with Defendant and how Defendant intentionally discriminated against Plaintiff on the basis of race in such a way as to impair their contractual relationship.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiff may file a second amended complaint by **October 25, 2011**. Moreover, Plaintiff is hereby ordered to provide the Court and defense counsel with a phone

3

number where she can be reached. Plaintiff must file a statement with her current phone number by **October 7, 2011**.

The Court FURTHER ORDERS that the case management conference set for October 28, 2011 is HEREBY VACATED. The Court will reset the case management conference at a later date, if necessary.

**IT IS SO ORDERED.**

Dated: September 23, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BARBARA MASON,

    Plaintiff,

v.

KRAGEN AUTO PARTS et al,

    Defendant.

Case Number: CV11-00464 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 23, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Barbara Mason
P.O. Box 285
Oakland, CA 94604-0285

Dated: September 23, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk